MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
JONATHAN SERRANO (SBN 333225)
*Jonathan@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC.,<br><br>Debtor. | Case No.:  1:22-bk-11181-MB<br><br>Chapter:    11 (Subchapter V)<br><br>Adv. Case No.: 1:24-ap-01055-MB |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary,<br><br>Plaintiff,<br><br>v.<br><br>JEAN PIERRE BOMMEL, an individual; ARNOLD P. PETER, an individual; ARNOLD P. PETER, a professional corporation dba PETER LAW GROUP, and DOES 1-50, inclusive,<br><br>Defendants. | **NOTICE OF MOTION AND MOTION FOR ORDER: (1) RECOGNIZING PETER LAW GROUP'S SUSPENDED STATUS; (2) SETTING A DEFINED GRACE PERIOD TO OBTAIN REVIVOR; (3) STAYING PETER LAW GROUP'S PARTICIPATION PENDING REVIVOR (CORPORATE DEFENDANT ONLY); AND (4) IF PLG DOES NOT FILE PROOF OF REVIVOR WITHIN THE DESIGNATED GRACE PERIOD, DEEMING PLG'S FILINGS DURING THE SUSPENSION PERIOD STRICKEN AND DISREGARDED; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MEGHANN A. TRIPLETT; AND REQUEST FOR JUDICIAL NOTICE**<br><br>**HEARING DATE:**<br>Date:    April 23, 2026<br>Time:    2:30 p.m.<br>Place:   Courtroom 303 (and via ZoomGov)<br>Location: 21041 Burbank Boulevard,<br>        Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Jeremy W. Faith ("Plaintiff"), the Chapter 11 Plan Fiduciary for the bankruptcy estate of National Association of Television Program Executives, Inc., has filed a *Motion for Order: (1) Recognizing Peter Law Group's Suspended Status; (2) Setting a Defined Grace Period to Obtain Revivor; (3) Staying Peter Law Group's Participation Pending Revivor (Corporate Defendant Only); and (4) If PLG Does Not File Proof of Revivor Within the Designated Grace Period, Deeming PLG's Filings During the Suspension Period Stricken and Disregarded* (the "Motion"), , which will be heard on **April 23, 2026 at 2:30 p.m.** in Courtroom 303 of the above-referenced courthouse located at 21041 Burbank Boulevard, Woodland Hills, CA 91367 and via ZoomGov as provided in the concurrently filed *Supplemental Notice Re: Availability of ZoomGov Audio and Video for Remote Appearance*. The Motion seeks an order that: (1) recognizes and takes notice based on judicially noticeable public records, Defendant Arnold P. Peter, a Professional Corporation d/b/a Peter Law Group ("PLG") is currently suspended by the California Franchise Tax Board and therefore lacks capacity to participate in this adversary proceeding while the suspension remains in effect; (2) PLG be granted a defined 30-day grace period to obtain and file competent proof of revivor; (3) PLG's participation in this adversary proceeding (corporate defendant only) be stayed unless and until PLG files such proof; and (4) if PLG does not file competent proof of revivor within the grace period, the Court deem PLG's filings in this adversary proceeding during the suspension period stricken and disregarded (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this notice of Motion; the attached Memorandum of Points and Authorities, the attached Declaration of Meghann A. Triplett, the attached Request for Judicial Notice and exhibits thereto, the pleadings, files and record in this adversary proceeding, and, if any hearing is held on the Motion, on argument of counsel at said hearing.

/ / /

1

**PLEASE TAKE FURTHER NOTICE** that this Motion is being heard on regular notice pursuant to Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California. If you wish to oppose this Motion, you must file a written response with the Court and serve a copy of it upon the Movant and the Movant's attorney at the address set forth above no less than 14 days prior to the above hearing date. If you fail to file a written response to this Motion within such time Motion and may grant the requested relief.

Dated:  March 25, 2026

**MARGULIES FAITH LLP**

By: */s/ Meghann A. Triplett*
    Meghann A. Triplett
    Jonathan Serrano
Attorneys for Plaintiff Jeremy W. Faith,
Chapter 11 Plan Fiduciary

2

**MEMORANDUM OF POINTS AND AUTHORITES**

**I.**

**INTRODUCTION**

Public records from the California Secretary of State reflect that PLG is suspended and is prohibited from the exercise of its corporate powers, rights and privileges, including the ability to sue or defend itself in legal proceedings. Despite this disability, PLG (through counsel) has stated that, absent a court order directing otherwise, it intends to proceed with litigation activity in this adversary proceeding, including early discovery.

Because PLG's capacity is a threshold issue governed by California law, and because continued litigation activity during any period of suspension risks recurring disputes over the validity of PLG's filings and discovery conduct, Plaintiff respectfully requests narrowly tailored case-management relief to preserve the orderly administration of this adversary proceeding.

**II.**

**FACTUAL BACKGROUND**

**A. Public Records Reflect PLG is Suspended**

The California Secretary of State issued a Certificate of Status for "Arnold P. Peter, A Professional Corporation," Entity No. 2726257, stating that the entity's "powers, rights and privileges are suspended in California" as of February 26, 2026. Attached as Exhibit A to the Request for Judicial Notice ("RJN") is a certified Certificate of Status obtained from the California Secretary of State. Plaintiff also obtained an Entity Status Letter from the California Franchise Tax Board ("FTB") dated March 16, 2026, which reflects PLG is not in good standing with the FTB. A true and correct copy of this letter is attached as Exhibit B to the RJN.

PLG has conceded it is suspended, and PLG previously represented to the Court that "the suspension was due to an administrative error caused by certain tax returns not being properly recorded," that the returns were being resubmitted, and that a "petition for

revivor will be filed forthwith." *In re NATPE, Case No.* 1:22-bk-11181-MB*, ECF No. 353*, at pgs. 4-5, ¶¶21-25 and ¶¶1-2 (Bankr. C.D. Cal. Aug. 17, 2025).

As of the filing of this Motion, information on the California Secretary of State website shows that PLG is currently FTB Suspended, with an effective date of June 1, 2017. Thus, the public record reflects an FTB suspension effective June 1, 2017, and the Secretary of State's Certificate of Status and the FTB status letter confirm PLG is not in good standing as of February-March 24, 2026.

**B. PLG Has Stated it Intends to Proceed Absent a Court Order**

Following service of the First Amended Complaint on March 6, 2026, and in response to a discovery meet and confer, Plaintiff advised PLG's counsel Arnold P. Peter ("Mr. Peter") by email on March 13, 2026, that PLG remains suspended, and that Plaintiff would object to any discovery or other action taken by PLG absent competent evidence of revivor. *See* attached Declaration of Meghann A. Triplett at ¶ 5 and Exhibit D. Mr. Peter responded that the issue had been raised previously and that, unless and until the Court directs otherwise, PLG intends to proceed with the defense, including commencement of early discovery, and a PMK deposition of Plaintiff. *Id*.

Plaintiff brings this motion to avoid piecemeal disputes over whether PLG may file pleadings, propound discovery, or otherwise participate while its capacity is disabled.

**III.**

**LEGAL ARGUMENT**

**A. PLG's Capacity to Defend or Participate in this Adversary Proceeding is Governed by California law**

Under Federal Rule of Civil Procedure 17(b), incorporated through Fed. R. Bank. P. 7017, the capacity of a corporation to sue or be sued is determined by the law under which it was organized. PLG is a Professional Corporation organized in the State of California; therefore, California law governs PLG's capacity to defend in this adversary proceeding.

/ / /

California law provides that if a corporation fails to pay taxes, penalties, interests, or any liability, its corporate powers, rights and privileges may be suspended. Cal Rev & Tax Code § 23301. The suspension of corporate powers, rights, and privileges means a suspended corporation cannot sue or defend a lawsuit while its suspension remains in effect. *Id.* This principle has been consistently upheld in the Ninth Circuit. *See, e.g., Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1149 (9th Cir. 2016) (stressing that a suspended corporation cannot enforce agreements or defend itself in litigation while its corporate powers remain suspended); *Community Electric Service of Los Angeles, Inc. v. National Electrical Contractors Ass'n*, 869 F.2d 1235, 1239 (9th Cir. 1989) (citing *United States v. 2.61 Acres of Land*, 791 F. 2d 666, 668 (9th Cir. 1985) (reaffirming that a delinquent corporation may neither bring suit nor defend a legal action); *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 331-32 (9th Cir. 1978) (appeal by 14 suspended California corporations dismissed).

Accordingly, while PLG remains suspended, it lacks the required capacity to defend or otherwise participate in this adversary proceeding.

**B. A Stay Restricting PLG's Participation and a Short Grace Period are Appropriate Case-Management Measures**

When a corporation's suspended status "comes to light during litigation, the normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement." *Timberline Inc. v. Jaisinghani*, 54 Cal.App.4th 1361, 1366 (1997).  This Court has broad discretion to control its docket and "to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal citations omitted)); *see also, Rego v. Am. Honda Motor Co.*, 2012 U.S. Dist. LEXIS 199410, 2012 WL 12953740, at *3 (C.D. Cal. Sept. 20, 2012) (reasoning that granting stay is not prejudicial and "will avoid duplicative litigation"). In addition, the Bankruptcy Code authorizes the bankruptcy court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of title 11. *See* 11 U.S.C. § 105(a).

Here, Plaintiff seeks to prevent repeated disputes over filings and discovery activity while PLG's capacity is disabled. The requested relief is narrowly tailored: it (1) recognizes the suspension based on judicially noticeable records, (2) provides PLG a defined opportunity to cure by obtaining revivor, and (3) pauses only PLG's participation (corporate defendant only) during the cure period. A defined 30-day grace period is reasonable and preserves judicial economy because it provides PLG with a clear window to restore capacity while preventing the parties and the Court from expending resources on litigation activity that may be unauthorized during suspension.

**C. The Court May Specify Consequences if PLG Fails to Timely File Competent Proof of Revivor**

To avoid uncertainty and further motion practice, Plaintiff requests that the Court's order specify the consequences of failing to timely file competent proof of revivor. Fed. R. Civ. P. 12(f), incorporated through Fed. R. Bank. P. 7012, permits courts to strike any pleading or portion thereof that is insufficient as a matter of law. Absent proof of revivor during the grace period, Plaintiff requests that PLG's filings in this adversary be deemed stricken and disregarded because PLG lacks capacity to participate while suspended.

**IV.**

**<u>RESEARVATION OF RIGHTS</u>**

Plaintiff reserves all rights and remedies, including the right to object to PLG's participation in discovery or motion practice during any period in which PLG lacks capacity, and to seek further relief as appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

## V.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (1) recognizing PLG's suspended status based on judicially noticeable records, (2) finding that PLG lacks capacity to participate in this adversary proceeding while suspended, including by filing pleadings or motions, propounding or responding to discovery, seeking affirmative relief, or pursuing appellate relief, unless and until PLG is revived, (3) setting a defined 30-day grace period for PLG to obtain and file competent proof of revivor, (4) staying PLG's participation in the adversary proceeding unless and until such proof is filed, (5) if PLG does not file proof of revivor within the designated grace period, deeming PLG's filings in this adversary proceeding during the suspension period stricken and disregarded; and (6) granting such other relief as the Court deems just and proper.

DATED:  March 25, 2026                    **MARGULIES FAITH, LLP**

By: */s/ Meghann A. Triplett*
          Meghann A. Triplett
          Jonathan Serrano
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

7

## **DECLARATION OF MEGHANN A. TRIPLETT**

I, Meghann A. Triplett, declare as follows:

1.     I am an attorney at law, duly qualified to practice before all courts of the State of California and before the United States Bankruptcy Court for the Central District of California ("Court"). I am a partner with the law firm of Margulies Faith LLP, counsel of record for Jeremy W. Faith ("Plaintiff"), the Plan Fiduciary for the bankruptcy estate of reorganized debtor National Association of Television Program Executives, Inc. I have personal knowledge of the facts stated in this Declaration, except as to matters stated on information and belief, and as to those matters I believe them to be true.

2.     I make this declaration in support of Plaintiff's "Notice of Motion and Motion For Order: (1) Recognizing Peter Law Group's Suspended Status; (2) Setting a Defined Grace Period to Obtain Revivor; (3) Staying Peter Law Group's Participation Pending Revivor (Corporate Defendant Only); and (4) If PLG Does Not File Proof of Revivor Within the Designated Grace Period, Deeming PLG's Filings During the Suspension Period Stricken and Disregarded" (the "Motion"). Defined terms in the Motion shall have the same meaning herein.

3.     I obtained and reviewed a California Secretary of State Certificate of Status for "Arnold P. Peter, A Professional Corporation," Entity No. 2726257, dated February 26, 2026, stating that the entity's "powers, rights and privileges are suspended in California" and listing its status as suspended – FTB. A true and copy of the Certificate of Status is attached as Exhibit A.

4.     I also obtained and reviewed a California Franchise Tax Board Entity Status Letter, dated March 16, 2026, stating that PLG is not in good standing with the Franchise Tax Board. A true and correct copy of this letter is attached as Exhibit B.

5.     As of the filing of the Motion, information on the California Secretary of State website reflects that PLG is "FTB Suspended," with an effective date of June 1, 2017. A true and correct copy of a printout from the California Secretary of State website entity status page reflecting that PLG is "FTB Suspended," with an inactive/effective date

of June 1, 2017 is attached as Exhibit C.

6.      On March 13, 2026, I emailed PLG's counsel Arnold P. Peter ("Mr. Peter") stating that PLG remains suspended and has not provided evidence of corporate revivor, and that absent competent evidence of revivor Plaintiff would object to PLG taking discovery or other action in this adversary proceeding during the period of suspension. PLG's counsel responded on March 13, 2026 stating, among other things, that, unless and until the court directs otherwise PLG intended to proceed with the defense. True and correct copies of these email communications are attached as Exhibit D.

7.      I understand that PLG previously represented to the Court that "the suspension was due to an administrative error caused by certain tax returns not being properly recorded," that the returns were being resubmitted, and that "a petition for revivor will be filed forthwith," as reflected in the record in the Bankruptcy Case and cited in the Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on March 25, 2026, at San Luis Obispo, California.

/s/ Meghann A. Triplett
Meghann A. Triplett

9

## REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, "the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *see also, Ocean Park, SRL v. Ghods*, 2023 U.S. Dist. LEXIS 148713, \*7 (C.D. Cal. Aug. 23, 2023) (taking judicial notice of Certificate of Status from the California Secretary of State)*; Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, 2015 U.S. Dist. LEXIS 109076, 2015 WL 4932640, \*4 (N.D. Cal. Aug. 18, 2015) (taking judicial notice of language posted on California Secretary of State website on the basis that the language was "not subject to reasonable dispute.").

Plaintiff requests the Court take judicial notice of the following documents pursuant to Federal Rule of Evidence 201:

| EXHIBIT | JUDICALLY NOTICED DOCUMENTS |
|---|---|
| A | California Secretary of State Certificate of Status for "Arnold P. Peter, A Professional Corporation," Entity No. 2726257, dated February 26, 2026 |
| B | California Franchise Tax Board Entity Status Letter dated March 16, 2026 |
| C | California Secretary of State website entity status page reflecting that PLG is "FTB Suspended," with an inactive/effective date of June 1, 2017 |

DATED:  March 25, 2026                              **MARGULIES FAITH, LLP**


By: */s/ Meghann A. Triplett*
        Meghann A. Triplett
        Jonathan Serrano
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

10

# EXHIBIT A



# Secretary of State
# Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| Entity Name: | ARNOLD P. PETER, A PROFESSIONAL CORPORATION |
| Entity No.: | 2726257 |
| Registration Date: | 01/31/2005 |
| Entity Type: | Stock Corporation - CA - Professional |
| Formed In: | CALIFORNIA |
| Status: | Suspended - FTB |

The above referenced entity's powers, rights and privileges are suspended in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may affect status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of February 26, 2026.

SHIRLEY N. WEBER, PH.D.
Secretary of State

Certificate No.: 427216427

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.

**EXHIBIT A**                    **Page 11**

# EXHIBIT B

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 942857
SACRAMENTO CA 94257-0540

## Entity Status Letter

Date:    3/16/2026

ESL ID: 3651562612

**Why You Received This Letter**

According to our records, the following entity information is true and accurate as of the date of this letter.

Entity ID:  2726257

Entity Name:   ARNOLD P. PETER, A PROFESSIONAL CORPORATION

☐   1.   The entity is in good standing with the Franchise Tax Board.

☑   2.   The entity is **not** in good standing with the Franchise Tax Board.

☐   3.   The entity is currently exempt from tax under Revenue and Taxation Code (R&TC) Section 23701 .

☐   4.   We do not have current information about the entity.

☐   5.   The entity was administratively dissolved/cancelled on            through the Franchise Tax Board
Administrative Dissolution process.

**Important Information**

- This information does not necessarily reflect the entity's current legal or administrative status with any other agency of the state of California or other governmental agency or body.
- If the entity's powers, rights, and privileges were suspended or forfeited at any time in the past, or if the entity did business in California at a time when it was not qualified or not registered to do business in California, this information does not reflect the status or voidability of contracts made by the entity in California during the period the entity was suspended or forfeited (R&TC Sections 23304.1, 23304.5, 23305a, 23305.1).
- The entity certificate of revivor may have a time limitation or may limit the functions the revived entity can perform, or both (R&TC Section 23305b).

**Connect With Us**

Web:        **ftb.ca.gov**
Phone:      800-852-5711 from 7 a.m. to 5 p.m. weekdays, except state holidays
            916-845-6500 from outside the United States

California
Relay Service:   711 or 800-735-2929 (For persons with hearing or speech impairments)

**EXHIBIT B**                          **Page 12**

FTB 4263A WEB (REV 12-2019)

# EXHIBIT C

## California
*Secretary of State*

**Business**          UCC

Login

# Business Search

*Access records for California Corporations, Limited Liability Companies (LLCs), and Limited Partnerships (LPs). Quickly retrieve public filings with free PDF copies of over **17 million** business documents.*

## Filing a Statement of Information, Amendment, or Termination & Ordering Certified Copies or Certificates

1. *Create a **biz**file online account or login to your existing **biz**file Online account.*

2. *Navigate back to the Search page, then locate and select the entity using the search tool below.*

3. *Click **File Amendment** or **File Statement of Information** or **Request Certificate** in the right-hand detail drawer.*

4. *Complete your request online.*

**Need help?** *For more information, see the Help Guide or Video Library. To contact the California Secretary of State's office, view the Contact Information. For information on **access requests**, see the Account Access Guide.*

## What's Included in Search

**Corporations, Limited Liability Companies (LLCs), Limited Partnerships (LPs), and Nonprofit Corporations**

*PDF copies of recent **Statements of Information** and other filings.*

*Distinguishable entity names to be checked for name availability.*

*Search does not cover Limited Liability Partnerships (LLPs) or General Partnerships (GPs). To obtain*

### ARNOLD P. PETER, A PROFESSIONAL CORPORATION (2726257)



**Request Certificate**

| | |
|---|---|
| *Initial Filing Date* | **01/31/2005** |
| *Status* | **Suspended - FTB** |
| *Standing - SOS* | **Good** |
| *Standing - FTB* | **Not Good** |
| *Standing - Agent* | **Good** |
| *Standing - VCFCF* | **Good** |
| *Inactive Date* | **06/01/2017** |
| *Formed In* | **CALIFORNIA** |
| *Entity Type* | **Stock Corporation - CA - Professional** |
| *Principal Address* | **1230 ROSECRANS AVENUE, SUITE 150 MANHATTAN BEACH, CA 90266** |
| *Mailing Address* | **1230 ROSECRANS AVENUE, SUITE 150 MANHATTAN BEACH,CA90266** |
| ⚠ *Statement of Info Due Date* | **01/31/2021** |
| *Agent* | **Individual ARNOLD PETER 1230 ROSECRANS AVENUE, SUITE 150 MANHATTAN BEACH, CA 90266** |



**View History**



**Request Access**

**EXHIBIT C**                    **Page 13**

1/3

# EXHIBIT D

| | |
|---|---|
| **From:** | Arnold Peter |
| **To:** | Meghann Triplett |
| **Cc:** | Melissa Davis Lowe; Andrea Ramirez; Jonathan Serrano; Andrew Hennigan; Angela Saba; Anne Marie Vernon |
| **Subject:** | RE: Faith v. Bommel/PLG, et al. - Draft PMK Deposition Notice – Request to Meet and Confer |
| **Date:** | Friday, March 13, 2026 3:08:24 PM |
| **Attachments:** | image001.png |

Meghann:

Thank you for your email.

### Representation of Peter Law Group

With respect to your threshold assertion regarding the status of Arnold P. Peter, APC d/b/a Peter Law Group, that issue was already raised and addressed in connection with the prior motion to dismiss. The Court was aware of the issue and did not identify any impediment to counsel appearing or the defense proceeding in this matter. In light of that ruling, we do not believe the point warrants further debate in correspondence.
You are, of course, free to ask the Court to revisit the issue if you wish to take up additional court time. Unless and until the Court directs otherwise, however, we intend to proceed with the defense of this case.

### Timing of the Rule 26(f) Conference

Our position remains the same. Rule 26(f)(1) directs the parties to confer "as soon as practicable," not at the outer edge of the pleading deadline. Given the extensive history of this dispute and the breadth of the First Amended Complaint, it is entirely appropriate for counsel to meet and confer now regarding discovery planning rather than waiting several more weeks.

### Potential Stipulation Regarding Response Deadline

If Plaintiff prefers additional time before discovery begins, we are open to discussing a stipulated extension of Defendants' deadline to respond to the First Amended Complaint and proceeding on an adjusted timeline.  However, given the Plan Fiduciary's prolonged and blatant failure to follow the dictates of the confirmed plan, we believe this is an appropriate case for prompt discovery. The information sought in the PMK deposition and related document requests will directly inform our decision whether to file a motion to dismiss or to answer the complaint.

### Corporate Status Argument

Your email also references the corporate status of Peter Law Group as a basis to object to "any discovery or other action." Respectfully, that position appears to conflate an administrative corporate issue with the practical reality that the individual defendant and other represented parties remain fully entitled to defend themselves and participate in the litigation.  Even if my inbox occasionally

**EXHIBIT D**              **Page 14**

suggests otherwise, I am fairly certain the Federal Rules have not yet been amended to allow a plaintiff to unilaterally suspend the defense.

### Next Steps

Nothing in your email changes our willingness to meet and confer promptly and attempt to narrow issues in a practical way. Accordingly, we remain available to conduct the Rule 26(f) conference next week. Please provide your availability and we will coordinate with counsel.

If we are unable to reach agreement on timing and scope, Defendants intend to proceed by serving the PMK deposition notice as well as the subpoena duces tecum to K&L Gates.

Nothing in this correspondence waives any rights, objections, or defenses, all of which are expressly reserved.

ARNOLD P. PETER
Attorney at Law
PETER LAW GROUP
270 Coral Circle
El Segundo, CA  90245
Office: 310.432.0500 | Cell: 213.379.0296 | Fax: 310.432.0599
apeter@peterlawgroup.com
www.peterlawgroup.com



---

**From:** Meghann Triplett <meghann@marguliesfaithlaw.com>
**Sent:** Friday, March 13, 2026 1:01 PM
**To:** Arnold Peter <apeter@peterlawgroup.com>
**Cc:** Melissa Davis Lowe <mlowe@shulmanbastian.com>; Andrea Ramirez <aramirez@peterlawgroup.com>; Jonathan Serrano <jonathan@marguliesfaithlaw.com>; Andrew Hennigan <drew@marguliesfaithlaw.com>; Angela Saba <angela@marguliesfaithlaw.com>; Anne Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** RE: Faith v. Bommel/PLG, et al. - Draft PMK Deposition Notice – Request to Meet and Confer

Arnold and Melissa:

As a threshold matter, defendant Arnold P. Peter, APC d/b/a Peter Law Group remains suspended and has not provided evidence of corporate revivor. Absent competent evidence

of revivor, Plaintiff will object to any discovery or other action taken by PLG in this adversary proceeding during the period of suspension.

Melissa—when you have a moment, please share (a) your availability for a Rule 26(f) conference, and (b) your feedback on whether PLG's proposed sequencing makes sense at this stage given the anticipated motion practice.

Given the current posture of the case (FAC served March 6, 2026; responses due April 6, 2026), Plaintiff's proposal remains that the parties address discovery sequencing after the operative pleadings are at issue. Proceeding with broad early discovery now will only increase expense and generate avoidable disputes.

Regards,

**Meghann A. Triplett, Esq.  |** Partner
Phone  818 705 2777 **|** Fax  818 705 3777
Email:  Meghann@MarguliesFaithLaw.com



Privileged/Confidential Information may be contained in this message.  If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind.  Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT  D**                    **Page 16**

**From:** Arnold Peter <apeter@peterlawgroup.com>
**Sent:** Thursday, March 12, 2026 2:47 PM
**To:** Meghann Triplett <meghann@marguliesfaithlaw.com>
**Cc:** Melissa Davis Lowe <mlowe@shulmanbastian.com>; Andrea Ramirez
<aramirez@peterlawgroup.com>; Jonathan Serrano <jonathan@marguliesfaithlaw.com>; Andrew
Hennigan <drew@marguliesfaithlaw.com>; Angela Saba <angela@marguliesfaithlaw.com>; Anne
Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** RE: Faith v. Bommel/PLG, et al. - Draft PMK Deposition Notice – Request to Meet and
Confer

Meghann:

Thank you.

**1. Timing of the Rule 26(f) Conference**

We are willing and able to coordinate a Rule 26(f) conference with counsel.
However, we do not agree that the parties must wait until April 6, 2026 to
conduct that meeting. Rule 26(f)(1) expressly provides that the parties must
confer "as soon as practicable" regarding discovery planning. Courts routinely
expect the parties to proceed promptly with Rule 26(f) discussions once the issues
in the case are sufficiently framed, and the rule does not require that the
conference occur only after an answer is filed. Fed. R. Civ. P. 26(f)(1).  In this
matter, the action has been pending for an inordinate amount of time and the
operative issues have been framed through prior pleadings and motion practice.
Accordingly, we believe a Rule 26(f) conference should occur promptly rather than
be deferred for several weeks.

**2. Discovery May Proceed Before an Answer Is Filed**

We also disagree with the suggestion that discovery cannot proceed before
Defendants file responsive pleadings to the First Amended Complaint. The
Federal Rules permit discovery where appropriate even before an answer is filed,
particularly where the information sought will inform dispositive motions or the
framing of responsive pleadings.

The discovery rules are intended to be applied broadly to permit parties to obtain
the information necessary to prepare their cases. *Oppenheimer Fund, Inc. v.
Sanders*, 437 U.S. 340, 351 (1978). Courts within the Ninth Circuit likewise
recognize the broad scope of discovery permitted under Rule 26. *Gray v. First
Winthrop Corp.*, 989 F.2d 1564, 1567 (9th Cir. 1993). Courts frequently permit
discovery to proceed even where dispositive motions are pending. See, e.g.,
*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.
2002).

Here, the First Amended Complaint is 157 pages with amendments and asserts

**EXHIBIT D                    Page 17**

13 separate claims for relief. The scope and breadth of that pleading necessarily warrants correspondingly broad discovery so that Defendants may appropriately frame their response, whether by motion to dismiss, motion to strike, or answer.

### 3. Circulating the Draft PMK Deposition Notice Is Consistent with Rule 26(f)

Providing you with a draft PMK deposition notice in advance of service was intended to facilitate the very type of meet-and-confer discussion contemplated by Rule 26(f). Circulating the notice in draft form is not inconsistent with the rule. To the contrary, it promotes the cooperative discovery planning that Rule 26(f) encourages.

### 4. Scope of the Deposition Topics

We do not agree that the proposed deposition topics are overbroad. The topics are directed to the factual allegations and theories affirmatively placed at issue by Plaintiff in the First Amended Complaint.

Defendants are not seeking privileged communications, litigation strategy, or the mental impressions of counsel. However, Defendants are entitled to discover the facts underlying Plaintiff's allegations and the information relied upon by the Plan Fiduciary in asserting those claims. See *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (work product doctrine does not protect the underlying facts); *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989) (work product doctrine protects mental impressions but not the facts underlying claims). Similarly, the fact that a party already possesses certain documents does not constitute a valid objection to a request for production. See Fed. R. Civ. P. 26(b)(1); *St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000).  The issue is not what we have in our possession but what the Plan Fiduciary possessed in articulating its claims.

### 5. Rule 30(b)(6) Obligations

While we appreciate Plaintiff's indication that Jeremy Faith may be made available as a Rule 30(b)(6) designee on limited topics, the ultimate scope of the deposition is not determined unilaterally by the producing party. Under Rule 30(b)(6), the noticing party identifies the matters for examination and the responding organization must prepare a witness to testify regarding information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6). Courts routinely enforce this obligation. See *Great American Ins. Co. v. Vegas Construction Co.*, 251 F.R.D. 534, 538–39 (D. Nev. 2008).  If Plaintiff believes that individuals other than Mr. Faith are the appropriate designees for particular topics, please identify those individuals and the corresponding topics so that we can evaluate that position.

### 6. Representation of Peter Law Group

We note your statement that Plaintiff does not consent to our representation of

Arnold P. Peter, APC d/b/a Peter Law Group. Respectfully, such consent is not required. Defendants will proceed with their chosen counsel unless and until a court determines otherwise.

### 7. Subpoena for K&L Gates Billing Records

We intend to serve a subpoena duces tecum seeking the billing records of K&L Gates, the firm that represented the Fontainebleau Hotel in the underlying JAMS arbitration. Where attorney billing practices or fee claims are placed at issue, courts recognize that comparable billing records and practices may become relevant to assessing reasonableness. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000). Furthermore, these records are relevant to show the scorched earth overlitigation by the Fontainebleau Hotel and its counsel was the real reason for the bankruptcy, not the theory the Plan Fiduciary has adopted. The fact that the Plan Fiduciary did not obtain these records to assess that contention is troubling. We are attaching the proposed subpoena for K&L Gates for your review and comment.

### 8. Planned Deposition of Michael Lubic

Defendants also intend to notice the deposition of Michael Lubic of K&L Gates, and potentially other attorneys at the firm. Mr. Lubic's role in the selection and appointment of the Plan Fiduciary and what information Mr. Lubic provided is directly relevant to several allegations asserted in the First Amended Complaint. Accordingly, the Plan Fiduciary should be prepared to produce and testify regarding all communications with Mr. Lubic, including written and electronic communications, concerning the arbitration, the underlying dispute, and the claims asserted in this action.

### 9. Next Steps

In the interest of moving this matter forward efficiently, we remain willing to schedule a Rule 26(f) conference promptly rather than waiting until April 6. Please provide your availability during the next week so that counsel can confer and address discovery scheduling, including the PMK deposition topics and document requests.

Nothing in this correspondence waives any rights, objections, or defenses, all of which are expressly reserved.

ARNOLD P. PETER
Attorney at Law
PETER LAW GROUP
270 Coral Circle
El Segundo, CA  90245

**EXHIBIT D**                    **Page 19**

Office: 310.432.0500 | Cell: 213.379.0296 | Fax: 310.432.0599
apeter@peterlawgroup.com
www.peterlawgroup.com



---

**From:** Meghann Triplett <meghann@marguliesfaithlaw.com>
**Sent:** Wednesday, March 11, 2026 3:03 PM
**To:** Arnold Peter <apeter@peterlawgroup.com>
**Cc:** Melissa Davis Lowe <mlowe@shulmanbastian.com>; Andrea Ramirez
<aramirez@peterlawgroup.com>; Jonathan Serrano <jonathan@marguliesfaithlaw.com>; Andrew
Hennigan <drew@marguliesfaithlaw.com>; Angela Saba <angela@marguliesfaithlaw.com>; Anne
Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** RE: Faith v. Bommel/PLG, et al. - Draft PMK Deposition Notice – Request to Meet and
Confer

Arnold:

I write in response to your March 4, 2026, email attaching the draft PMK deposition notice
directed to Plaintiff/Plan Fiduciary, Jeremy W. Faith. While we appreciate the effort to
coordinate, Plaintiff does not agree that the notice may be served or that the deposition
should proceed on the proposed timeline because the parties have not yet completed a Rule
26(f) conference in connection with the First Amended Complaint and the draft notice is
overbroad as written.

Separately, Plaintiff does not consent to your representation of Arnold P. Peter, APC d/b/a
Peter Law Group for purposes of this adversary proceeding or discovery, and Plaintiff
expressly reserves all rights to raise that issue through appropriate motion practice or
objection.

Plaintiff's First Amended Complaint was served on March 6, 2026, and responsive pleadings
are not due until April 6, 2026. Plaintiff objects to serving or calendaring a PMK deposition on
the current timeline and proposes that the parties address any PMK deposition only after (1)
Defendants' responses to the First Amended Complaint are filed/served, and (2) the parties
have conducted their Rule 26 conference and disclosures. This is consistent with the Federal
Rules and will allow the parties to address scope and logistics in a way that is tied to the
operative pleadings and avoids unnecessary disputes.

Moreover, as drafted, the deposition notice is substantially overbroad. By way of example

(and without waiving more specific objections), numerous topics and document requests extend into Plaintiff's pre-filing investigation, communications, litigation strategy, and damages analyses (e.g., Topics 28-31 and corresponding requests), which necessarily implicate privilege and work product protections and are not appropriate subjects. Plaintiff also objects to the premise that Plan Fiduciary, Jeremy W. Faith is the appropriate designee for all topics, particularly where the draft topics and related document requests are directed to PLG's own internal records and conduct (e.g., Topics 14 and 20 as drafted). Plaintiff is willing to consider a limited Rule 30(b)(6) designation of Mr. Faith for appropriately narrowed, non-privileged topics within his post-appointment knowledge and authority, including the circumstances of his appointment and the scope of authority under the confirmed plan.

Plaintiff further notes PLG has not turned over certain materials as ordered by the Court's Turnover Order entered October 21, 2025 (Bk. Dkt. 365), as modified by its November 18, 2025, Order continuing PLG's turnover deadline (Bk. Dkt. 376). Plaintiff objects to using a deposition of the Plan Fiduciary as a substitute for PLG's compliance with those turnover obligations.

Plaintiff remains willing to meet and confer in good faith. As a next step, Plaintiff proposes the following:

1. The parties exchange availability and schedule a Rule 26(f) conference after April 6, 2026.
2. Within seven (7) days after the Rule 26(f) conference, the parties exchange short written positions identifying (a) which Rule 30(b)(6) topics and document requests should be narrowed or eliminated.
3. After the written exchange, counsel will schedule a follow-up call to finalize scope and logistics.

To avoid unnecessary motion practice, please confirm in writing that PLG will not serve the notice on March 13, 2026, pending completion of the parties' initial discovery conference and related discussions.

Nothing in this correspondence waives any rights, objections, defenses, privileges, immunities, or protections, all of which are expressly reserved, including the right to assert additional and more specific objections.

Regards,

**Meghann A. Triplett, Esq.** | Partner
Phone 818 705 2777 | Fax 818 705 3777
Email: Meghann@MarguliesFaithLaw.com

**EXHIBIT D**        **Page 21**



Privileged/Confidential Information may be contained in this message.  If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind.  Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

---

**From:** Arnold Peter <apeter@peterlawgroup.com>
**Sent:** Sunday, March 8, 2026 4:40 PM
**To:** Meghann Triplett <meghann@marguliesfaithlaw.com>
**Cc:** Melissa Davis Lowe <mlowe@shulmanbastian.com>; Andrea Ramirez <aramirez@peterlawgroup.com>; Jonathan Serrano <jonathan@marguliesfaithlaw.com>; Andrew Hennigan <drew@marguliesfaithlaw.com>; Angela Saba <angela@marguliesfaithlaw.com>; Anne Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** RE: Faith v. Bommel/PLG, et al. - Draft PMK Deposition Notice – Request to Meet and Confer

Meghann:

Now that we have clarity regarding our ability to represent Arnold P. Peter and Peter Law Group, and in light of the filing of the First Amended Complaint, I wanted to forward in draft form the attached proposed notice of deposition for the Person Most Knowledgeable.  Although we could simply finalize and serve the

notice without further discussion, we believe it is appropriate to meet and confer in advance regarding the proposed topics, document requests, and scheduling. Doing so will hopefully allow the parties to narrow any issues and avoid unnecessary motion practice. It is also, in our view, consistent with professional courtesy and good practice in complex litigation.

Please review the draft notice and let us know your thoughts, including the availability of your deponent(s) and any concerns regarding the topics or document requests, no later than Friday, March 13. We recognize that Friday the 13th has a certain ominous history, but hopefully it will bring good luck in resolving these issues without the need for court involvement.

Unless we reach agreement by that date regarding the scope of the topics, the associated document requests, and the availability of your designee, we will finalize the notice and serve it in its current or revised form.  We look forward to your response.

ARNOLD P. PETER
Attorney at Law
PETER LAW GROUP
270 Coral Circle
El Segundo, CA  90245
Office: 310.432.0500 | Cell: 213.379.0296 | Fax: 310.432.0599
apeter@peterlawgroup.com
www.peterlawgroup.com



**EXHIBIT D**                    **Page 23**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ORDER: (1) RECOGNIZING PETER LAW GROUP'S SUSPENDED STATUS; (2) SETTING A DEFINED GRACE PERIOD TO OBTAIN REVIVOR; (3) STAYING PETER LAW GROUP'S PARTICIPATION PENDING REVIVOR (CORPORATE DEFENDANT ONLY); AND (4) IF PLG DOES NOT FILE PROOF OF REVIVOR WITHIN THE DESIGNATED GRACE PERIOD, DEEMING PLG'S FILINGS DURING THE SUSPENSION PERIOD STRICKEN AND DISREGARDED; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MEGHANN A. TRIPLETT; AND REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 25, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 25, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**: Service on Judge not required per Judge Barash's Procedures re: Serving Judge's Copy of Documents (Rev. 1/8/24).

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 25, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SENT VIA EMAIL**
**DEFENDANT**: Arnold P. Peter, an individual d/b/a PETER LAW GROUP – apeter@peterlawgroup.com; aramirez@peterlawgroup.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2026 | Vicky Castrellon | /s/ Vicky Castrellon |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

**John-Patrick McGinnis Fritz (TR)**
jpftrustee@lnbyg.com, jpf@trustesolutions.net

**Melissa Davis Lowe on behalf of Defendant Jean Pierre Bommel, an individual**
mlowe@shulmanbastian.com, avernon@shulmanbastian.com

**Arnold P Peter on behalf of Defendant Arnold P. Peter, an individual**
apeter@peterlawgroup.com, aramirez@peterlawgroup.com

**Jonathan Serrano on behalf of Interested Party Courtesy NEF**
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com

**Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

**United States Trustee (SV)**
ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:

**DEFENDANTS**:

Arnold P. Peter dba Peter Law Group
270 Coral Circle
El Segundo, CA 90245

Agent for Service of Process for
Arnold P. Peter, A professional Corporation
dba Peter Law Group--Arnold Peter
1230 Rosecrans Avenue, Suite 150
Manhattan Beach, CA 90266

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**