Arnold P. Peter (SBN: 120091)
    apeter@peterlawgroup.com
Eyal Farahan (SBN: 314849)
    efarahan@peterlawgroup.com
PETER LAW GROUP
270 Coral Circle
El Segundo, California 90245
T: (310) 277-0010
F: (310) 432-0599

*Attorneys for ARNOLD P. PETER and*
ARNOLD P. PETER, APC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC.,<br><br>Debtor.<br>_____<br>JEREMY W. FAITH, Chapter 11 Plan Fiduciary,<br><br>Plaintiff,<br><br>v.<br><br>JEAN PIERRE BOMMEL, an individual; ARNOLD P. PETER, an individual; ARNOLD P. PETER, a professional corporation dba PETER LAW GROUP, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 1:22-bk-11181-MB<br>Chapter: 11 (Subchapter V)<br>Adv. Case No.: 1:24-ap-01055-MB<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS<br><br><br>Date: May 5, 2026<br>Time: 2:30 p.m.<br>Place: Courtroom 303<br>United States Bankruptcy Court<br>21041 Burbank Blvd.<br>Woodland Hills, California 91367 |

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 1

III.  ARGUMENT ...................................................................................................... 2

A.    Plaintiff's Motion Collapses Because It Fails To Distinguish Between The Individual Attorney And The Corporate Entity ................................... 2

B.    Plaintiff Lacks Article III Standing To Seek Any Of The Requested Relief ............................................................................................................ 3

C.    Plaintiff Cannot Identify Any Statute, Rule, Or Private Cause Of Action That Authorizes The Punitive, Prospective Sanctions Requested ..................................................................................................... 5

1.    Rule 12(f) Does Not Authorize the Relief Sought ............................. 5

2.    Fed. R. Civ. P. 17(b) Does Not Create A Private Enforcement Mechanism ...................................................................................... 6

3.    Section 105(a) Case-Management Authority Cannot Create Substantive Rights ........................................................................... 6

D.    The Court Lacks Subject Matter Jurisdiction To Adjudicate A Collateral State Administrative Status Question And Issue The Advisory, Prospective Order Plaintiff Seeks ............................................. 7

1.    The Requested Relief Constitutes A Prohibited Advisory Opinion ........................................................................................... 7

2.    No Ripe Dispute Exists .................................................................... 8

3.    Comity Counsels Against Collateral Federal Adjudication of a Fluid State Administrative Matter .................................................. 8

E.    Even On The Merits, The Requested Remedies Are Categorically Overbroad, Constitutionally Infirm, And Unsupported By California Or Federal Law ........................................................................................... 9

1.    Prospective Striking of "All Filings" Exceeds the Scope of Fed. R. Civ. P. 12(f) and Violates Due Process ........................................ 9

2.    A Blanket Stay Of PLG's Defense Prejudices Co-Defendants And Conflicts With Established California Practice ....................... 10

F.    The Motion Operates As An Unauthorized *De Facto* Order Of Exclusion Against An Individual Attorney And A Corporate Entity Who Have Violated No Rule Of This Court ............................................... 10

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

1.    The Motion Identifies No Predicate Rule Violation ........................ 10

2.    The Court Lacks Authority To Impose What Amounts To Discipline Or Exclusion Through A Case-Management Motion .. 11

3.    The Professional Corporation Form Is Legally Sanctioned And Carries No Implication Of Impropriety.............................................. 12

4.    No Available Sanctions Framework Supports the Requested Relief ....................................................................................................... 12

IV.    CONCLUSION.............................................................................................. 13

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

# TABLE OF AUTHORITIES

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

<u>Cases</u>

*A. E. Cook Co. v. K S Racing Enters.*,
  274 Cal. App. 2d 499, 79 Cal. Rptr. 123 (Ct. App. 1969) ...................................................9
*Benton v. Cnty. of Napa*,
  226 Cal. App. 3d 1485, 277 Cal. Rptr. 541 (Ct. App. 1991) ...............................................9
*California v. Texas*,
  593 U.S. 659, 141 S. Ct. 2104, 210 L. Ed. 2d 230 (2021) ..................................................7
*Chambers v. NASCO, Inc.*,
  501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ......................................10, 11, 12
*Chicago & S. Air Lines v. Waterman S. S. Corp.*,
  333 U.S. 103, 68 S. Ct. 431, 92 L. Ed. 568 (1948) .........................................................4, 7
*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013) ..................................................3
*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) ..................................................4
*Davis v. Fed. Election Comm'n*,
  554 U.S. 724, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) ..................................................3
*Erickson v. Newmar Corp.*,
  87 F.3d 298 (9th Cir. 1996) ..............................................................................................11
*Golden v. Zwickler*,
  394 U.S. 103, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969) .......................................................7
*In re Att'y Discipline Sys.*,
  19 Cal. 4th 582, 967 P.2d 49 (1998)..................................................................................11
*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ...............................................3, 4
*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*,
  8 Cal. 3d 369, 503 P.2d 285 (1972) ....................................................................................8
*Roadway Exp., Inc. v. Piper*,
  447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ..................................................11
*Schwartz v. Magyar House, Inc.*,
  168 Cal. App. 2d 182, 335 P.2d 487 (1959) .......................................................................9
*Siegel*,
  571 U.S. 415, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) .................................................6
*Spokeo, Inc. v. Robins*,
  578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ..................................................3
*Thomas v. Union Carbide Agr. Prods. Co.*,
  473 U.S. 568, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985) ....................................................7
*TransUnion LLC v. Ramirez*,
  594 U.S. 413, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) ..................................................3
*Traub Co. v. Coffee Break Serv., Inc.*,
  66 Cal. 2d 368, 425 P.2d 790 (1967) ..................................................................................8
*United States v. Fruehauf*,

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

365 U.S. 146, 81 S. Ct. 547, 5 L. Ed. 2d 476 (1961) ........................................................4, 7
*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) ...............................................................................5, 9

## Statutes

11 U.S.C.A. § 105(a).................................................................................................6
Cal. Bus. & Prof. Code § 6100 ...............................................................................11
Cal. Corp. Code § 13401 .....................................................................................2, 11
Cal. Rev. & Tax. Code § 23301 ...........................................................................8, 9
Cal. Rev. & Tax. Code § 23305 ...............................................................................8
Cal. Rev. & Tax. Code § 23701 .............................................................................12

## Rules

Fed. R. Civ. P. 11 ..................................................................................................12
Fed. R. Civ. P. 12(f)............................................................................................5, 9
Fed. R. Civ. P. 17(b) .......................................................................................5, 6, 7
Fed. R. Civ. P. 17(b)(2)......................................................................................5, 6

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

## I.   INTRODUCTION

Plaintiff seeks extraordinary, case-dispositive relief that rests on a foundational and fatal error: the Motion conflates Arnold P. Peter, a licensed individual attorney admitted to practice before this Court, with Arnold P. Peter, A Professional Corporation dba Peter Law Group ("PLG"), a separate legal entity organized under California law. These are distinct legal persons.

No administrative tax status of the corporate entity bears on the individual attorney's authority to practice law or to act as counsel in this proceeding. That categorical confusion pervades and fatally undermines every form of relief Plaintiff seeks.

The Motion must be denied for four independent and dispositive reasons:

a)  Plaintiff fundamentally fails to distinguish between Arnold P. Peter as an individual licensed attorney and PLG as a separate corporate entity - a distinction that is fatal to every form of relief sought;

b)  Plaintiff lacks Article III standing to seek the requested relief - there is no concrete, particularized injury fairly traceable to PLG's corporate status;

c)  No statute, rule, or private cause of action authorizes Plaintiff to obtain the punitive, prospective sanctions requested; and

d)  The Court lacks subject matter jurisdiction to enter the requested order, which would effectively adjudicate corporate capacity and strike pleadings outside any live claim or controversy.

Even if the Court were to reach the merits, the requested remedies are overbroad, constitutionally infirm, and inconsistent with both California and federal law.

## II.   BACKGROUND

Plaintiff moves for an order: (i) recognizing that Arnold P. Peter, A Professional Corporation dba Peter Law Group ("PLG") is "suspended"; (ii) imposing a 30-day "grace period" to obtain revivor; (iii) staying PLG's participation in this action pending revivor;

---

**1**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

and (iv) if revivor is not timely shown, deeming PLG's filings during the alleged suspension period stricken and disregarded.

Plaintiff relies on: (i) a Secretary of State Certificate of Status dated February 26, 2026 reflecting an online status of Franchise Tax Board ("FTB") "Suspended"; and (ii) an FTB Entity Status Letter dated March 16, 2026. As discussed in Section III below, this administrative record is fluid, internally inconsistent, and not a proper basis for the blanket punitive order Plaintiff seeks.

Plaintiff further relies on correspondence in which defense counsel stated that, also absent a court order, PLG intended to proceed with its defense and early discovery. That correspondence reflects no impropriety - only appropriate, client-directed litigation conduct. No rule of this Court, Federal Rule of Civil Procedure, local rule, or court order has been violated.

## III.   ARGUMENT

### A. Plaintiff's Motion Collapses Because It Fails To Distinguish Between The Individual Attorney And The Corporate Entity

The Motion is built on an unexamined and legally untenable conflation: it treats the administrative tax status of PLG, a professional corporation, as though it automatically impairs or eliminates the litigation rights of Arnold P. Peter, the individual licensed attorney who appears in this proceeding.  Both the individual and the corporate entity are named defendants.

California law does not support that conflation. Arnold P. Peter holds an individual law license issued by the State Bar of California. That license is entirely separate from, and unaffected by, the tax status of the professional corporation through which he may conduct business. Cal. Corp. Code § 13401. A suspended professional corporation does not suspend the individual attorney's license to practice law, his authority to appear in court, or his standing as a named defendant. Plaintiff's failure to grapple with this

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

distinction renders the entire Motion analytically unsound and warrants denial at the threshold.

## B. Plaintiff Lacks Article III Standing To Seek Any Of The Requested Relief

Plaintiff's Motion independently fails because Plaintiff cannot satisfy any of the three constitutional prerequisites for Article III standing. Article III of the United States Constitution requires of every plaintiff on every claim: the party invoking the court's jurisdiction must have an actual or imminent, personalized, concrete injury; the injury must be traceable to the conduct complained of in the lawsuit; and there must be a reasonable probability that a favorable court ruling would redress the injury.

Standing requires a concrete, particularized injury fairly traceable to the challenged conduct and likely redressable by the relief sought. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The Supreme Court has reaffirmed that a "bare procedural violation, divorced from any concrete harm," does not suffice. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021).

The injury must "actually exist" - it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Critically, standing is not presumed.  Plaintiff must independently demonstrate standing for each form of relief it seeks. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008). It cannot do so here.

Plaintiff satisfies none of these three constitutional requirements - a deficiency that is independently fatal to the Motion.  The Motion identifies not a single pleading, motion, or discovery response filed by PLG that caused Plaintiff cognizable prejudice. The relief sought is entirely prophylactic - it is designed to preempt hypothetical future disputes, not to remedy any concrete harm already suffered. That is constitutionally insufficient.

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

Under *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013), "[a]llegations of possible future injury" cannot confer standing; a "threatened injury must be certainly impending" to satisfy Article III. Because the Motion asks the Court to preemptively strike filings that are not in dispute and to sanction conduct that has caused no identified harm, Plaintiff fails at the threshold injury-in-fact inquiry.

Even setting aside the absence of any concrete injury, Plaintiff cannot satisfy the traceability requirement. The challenged conduct - PLG's alleged administrative status with the California Secretary of State and the FTB - is an external, state-record matter wholly independent of any act by PLG within this litigation. Plaintiff points to no litigation conduct by PLG that caused harm.

The causal chain Plaintiff attempts to construct - from a fluid state administrative record, to litigation prejudice, to the sweeping sanctions requested - is entirely speculative. Traceability requires a direct causal nexus between the defendant's challenged conduct and the plaintiff's alleged injury. *Lujan*, 504 U.S. at 560. No such nexus exists here.

The redressability requirement is equally fatal to Plaintiff's Motion. The relief sought - a declaratory recognition of PLG's corporate status, a court-imposed revivor deadline, a litigation stay, and prospective striking of all filings during the alleged suspension period - does not redress any concrete harm that Plaintiff has suffered.

It simply imposes broad restraints and sanctions detached from any operative claim or rule-based violation. Federal courts do not render advisory opinions. *Chicago & S. Air Lines v. Waterman S. S. Corp.*, 333 U.S. 103, 113–14, 68 S. Ct. 431, 92 L. Ed. 568 (1948). An advisory opinion has been defined as an advance expression of legal judgment upon issues that are not before a court in the form of litigation involving concrete claims by adverse litigants.  *United States v. Fruehauf*, 365 U.S. 146, 157, 81 S. Ct. 547, 5 L. Ed. 2d 476 (1961). The order Plaintiff seeks fits that definition precisely.

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**4**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

As the Supreme Court has emphasized, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006). There is no concrete controversy here - only an abstract status dispute and speculative future harms.

Plaintiff's own filings seal the standing defect. The Motion is expressly framed as a case-management device designed to "avoid piecemeal disputes" - not to redress any concrete injury already sustained. That characterization is a concession against Plaintiff's interest: it confirms that the relief sought is anticipatory and abstract, not remedial of any cognizable harm. A plaintiff seeking relief to preempt future inconvenience - rather than to remedy a present, concrete injury - does not satisfy Article III. The Motion must therefore be denied for lack of standing, independently of all other grounds.

## C. Plaintiff Cannot Identify Any Statute, Rule, Or Private Cause Of Action That Authorizes The Punitive, Prospective Sanctions Requested

Plaintiff identifies no statute, claim, or rule that confers a private right to obtain: (a) a declaratory "recognition" of corporate suspension; (b) a court-imposed revivor deadline; (c) a stay silencing a named party's defense; or (d) a sweeping order striking all filings by that party during an asserted status period. Fed. R. Civ. P. 17(b)(2) provides that the capacity of a corporation to sue or be sued in federal court is determined by the law of the state of its organization - here California. But Fed. R. Civ. P. 17(b) creates no private enforcement mechanism. Each procedural vehicle Plaintiff relies upon fails for the following independent reasons.

### 1. Rule 12(f) Does Not Authorize the Relief Sought

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading only "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" - not entire categories of filings by a party based on an asserted corporate status. The

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

Ninth Circuit has squarely held that Fed. R. Civ. P. 12(f) "does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law," and that Fed. R. Civ. P. 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971, 973 (9th Cir. 2010). The blanket sanctions Plaintiff seeks are far beyond the text and purpose of Fed. R. Civ. P. 12(f).

## 2. Fed. R. Civ. P. 17(b) Does Not Create A Private Enforcement Mechanism

Fed. R. Civ. P. 17(b)(2) addresses capacity choice-of-law for corporation directing that their capacity to sue or be sued is determined by the law of the state of incorporation. It does not create a private enforcement mechanism authorizing a litigant to obtain a punitive stay or automatic striking of filings. Capacity objections under Fed. R. Civ. P. 17(b) must be raised as an affirmative defense against a specific filing, not as a basis for a blanket, forward-looking sanction order.

## 3. Section 105(a) Case-Management Authority Cannot Create Substantive Rights

Inherent and statutory case-management power under 11 U.S.C.A. § 105(a) cannot create substantive rights or remedies not otherwise available. *L. v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) ("[11 U.S.C.A. § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" or to fashion remedies not grounded in an underlying substantive right). Plaintiff identifies no underlying cause of action authorizing the relief requested. Case-management authority exists to implement - not to supplement or override - substantive law.

The Motion itself confirms the deficiency: Plaintiff explicitly frames the relief as "narrowly tailored case-management" to recognize alleged suspension, impose a 30-day

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

grace period, stay PLG's participation, and prospectively deem filings stricken absent revivor.

No rule, statute, or cause of action supports a package of prospective, punitive sanctions assembled under the label of "case management."  Absent a private cause of action or a rule specifically authorizing the punitive and prospective sanctions sought, the Motion must be denied on this independent ground.

**D. The Court Lacks Subject Matter Jurisdiction To Adjudicate A Collateral State Administrative Status Question And Issue The Advisory, Prospective Order Plaintiff Seeks**

Even if standing and a cognizable procedural vehicle existed, the Court's subject matter jurisdiction does not extend to issuing advisory opinions or adjudicating collateral state-law corporate status questions in the abstract, detached from any actual dispute over a specific filing or claim. Article III prohibits advisory opinions. *Chicago & Southern Air Lines*, 333 U.S. at 113–14. "Concrete legal issues, presented in actual cases, not abstractions" are required. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969). Three related jurisdictional defects independently require denial.

**1.  The Requested Relief Constitutes A Prohibited Advisory Opinion**

Plaintiff asks the Court to "recognize" corporate suspension based on mixed agency records, then silence a party and strike all litigation acts taken during an asserted period - irrespective of the merits or prejudice of any specific filing. This is not a concrete dispute over a particular pleading; it is an abstract status determination with prospective sanctions.

A declaratory adjudication of PLG's corporate capacity, untethered to any pending dispute over a discrete paper, is precisely the type of advance expression of legal judgment upon issues not before the court in the form of litigation involving concrete claims that Article III prohibits. *Fruehauf*, 365 U.S. at 157; see also *California*

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**7**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

*v. Texas*, 593 U.S. 659, 673, 141 S. Ct. 2104, 210 L. Ed. 2d 230 (2021) ("[t]o find standing here . . . would allow a federal court to issue what would amount to an advisory opinion").

### 2. No Ripe Dispute Exists

No motion is before the Court challenging the validity of a specific filing on capacity grounds. Without a concrete dispute as to an identified paper, the request to strike all filings during the suspension period presents an unripe, sweeping remedy.

Ripeness requires that a controversy have "a specific concrete impact" before a court may adjudicate it. *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985). Courts applying Fed. R. Civ. P. 17(b) have consistently required a concrete, identified filing to be placed in controversy before capacity can be adjudicated. The Motion identifies none.

### 3. Comity Counsels Against Collateral Federal Adjudication of a Fluid State Administrative Matter

The Motion invites a collateral adjudication of state corporate and FTB status, despite the record's inconsistency and ongoing cure efforts referenced by the parties, risking entanglement with state administrative determinations. Under Cal. Rev. & Tax. Code § 23301, the FTB suspends a corporation's powers, rights, and privileges for failure to pay taxes or penalties; revivor is effected under Cal. Rev. & Tax. Code § 23305 upon written application and payment of obligations. California courts have held that the purpose of 23301 "is to put pressure on the delinquent corporation to pay its taxes, and that purpose is satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities." *Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*, 8 Cal. 3d 369, 371, 503 P.2d 285 (1972); *Traub Co. v. Coffee Break Serv., Inc.*, 66 Cal. 2d 368, 370, 425 P.2d 790 (1967).

The administrative record here - including an FTB Entity Status Letter dated March 16, 2026 - underscores that this remains an active, fluid state administrative

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**8**
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

matter not suitable for collateral federal adjudication. Plaintiff's own proof proffer reflects both a Secretary of State "Suspended – FTB" certificate and an FTB Entity Status Letter dated March 16, 2026 - confirming that the administrative record is, at minimum, not a settled basis for a blanket punitive order untethered to any concrete filing.

Where jurisdiction is doubtful and the relief requested would operate as a de facto sanction. And , as a partial default against a named party, the Court should deny the Motion on jurisdictional grounds.

**E. Even On The Merits, The Requested Remedies Are Categorically Overbroad, Constitutionally Infirm, And Unsupported By California Or Federal Law**

**1. Prospective Striking of "All Filings" Exceeds the Scope of Fed. R. Civ. P. 12(f) and Violates Due Process**

Prospective striking of "all filings" is an extreme sanction inconsistent with the limited function of Fed. R. Civ. P. 12(f) and due process. Fed. R. Civ. P. 12(f) authorizes striking only specific matter from a specific pleading - not a wholesale, categorical nullification of all filings by a party over a defined period. *Whittlestone, Inc.*, 618 F.3d at 973–74.

Courts have consistently held that motions to strike are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy. *Id.* Moreover, California courts applying Cal. Rev. & Tax. Code § 23301 have recognized that "[m]ost litigation activity has been characterized as procedural for purposes of corporate revival," and that "[t]he revival of corporate powers validates any procedural step taken on behalf of the corporation while it was under suspension." *Benton v. Cnty. of Napa*, 226 Cal. App. 3d 1485, 1490, 277 Cal. Rptr. 541 (Ct. App. 1991). Striking all such procedural filings en masse - before revivor has been sought or denied - would impose penalties well beyond those contemplated by California law or federal procedural rules.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

**2. A Blanket Stay Of PLG's Defense Prejudices Co-Defendants And Conflicts With Established California Practice**

A blanket stay silencing a party's defense prejudices co-defendants and undermines efficient case management; targeted objections to specific filings, if any, provide an adequate remedy. Under California law, "[o]n revivor of its corporate powers a corporation may continue an action commenced during the period of suspension and not previously dismissed, even though the opposing party pleaded the suspension prior to the revivor." *A. E. Cook Co. v. K S Racing Enters.*, 274 Cal. App. 2d 499, 500, 79 Cal. Rptr. 123 (Ct. App. 1969). The remedy Plaintiff seeks - a stay plus automatic striking of all filings - is categorically inconsistent with these established principles.

The record reflects active meet-and-confer and ordinary discovery planning, with no showing that Plaintiff cannot be adequately protected through standard motion practice if and when a concrete filing dispute materializes.

Plaintiff's own stated purpose - to "prevent repeated disputes" and "pause only PLG's participation" during a 30-day cure window - confirms that narrower, issue-specific remedies would be adequate if any concrete dispute ever arises. There is no basis for the broad, categorical relief now sought. The Court should decline to impose categorical, punitive measures where narrower, issue-specific remedies exist and where no concrete filing dispute has yet materialized.

**F. The Motion Operates As An Unauthorized *De Facto* Order Of Exclusion Against An Individual Attorney And A Corporate Entity Who Have Violated No Rule Of This Court**

**1. The Motion Identifies No Predicate Rule Violation**

The Motion identifies no violation of any rule of this Court, any provision of the Federal Rules of Civil Procedure, any local rule, or any court order by either Arnold P. Peter individually or by Peter Law Group. The relief sought — staying PLG's participation and prospectively striking all of PLG's filings during the asserted

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

suspension period — is functionally equivalent to an order of disbarment or exclusion from practice. '

Courts possess inherent power to impose sanctions, but that power "must be exercised with restraint and discretion" and may not be invoked absent a clear predicate violation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A sanction as severe as effective exclusion of a party and its counsel requires, at minimum, a finding of bad faith or willful misconduct. *Id.*; see also *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (courts may not impose sanctions without a specific finding that the conduct sanctioned was without reasonable justification). No such finding has been made or sought here.

**2. The Court Lacks Authority To Impose What Amounts To Discipline Or Exclusion Through A Case-Management Motion**

The practical effect of the requested order — silencing PLG's defense, striking its filings, and requiring court-supervised revivor — would preclude Arnold P. Peter, A Professional Corporation dba Peter Law Group from meaningfully participating in this litigation, both as a named corporate defendant and as counsel. This Court lacks authority to impose such an order under the guise of case management.

Under California law, attorney discipline is the exclusive province of the California Supreme Court, acting through the State Bar Court. Cal. Bus. & Prof. Code § 6100 (West); *In re Att'y Discipline Sys.*, 19 Cal. 4th 582, 967 P.2d 49 (1998). Under federal law, discipline of attorneys admitted to practice before this Court is governed by its Local Rules and requires compliance with procedural due process protections - including notice, an opportunity to be heard, and a specific finding of misconduct. *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996).  The Motion seeks none of these procedural predicates.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

### 3. The Professional Corporation Form Is Legally Sanctioned And Carries No Implication Of Impropriety

Arnold P. Peter, A Professional Corporation dba Peter Law Group was organized and maintained solely for legitimate tax planning and business purposes expressly authorized under California law. Cal. Corp. Code § 13401 (authorizing formation of professional corporations for the practice of law); Cal. Rev. & Tax. Code § 23701 (establishing the applicable tax framework). The mere fact that a licensed attorney practices through a professional corporation organized in conformity with California law does not subject that attorney or the corporate entity to any additional obligations to adverse parties in litigation.

Nor, does it confer upon an adverse litigant — or this Court — any authority to impose discipline, exclusion, or case-management sanctions premised solely on the corporation's administrative tax status. Plaintiff's attempt to convert a fluid, ongoing state administrative matter into grounds for court-ordered exclusion of both the individual and the entity is without precedent or authority in California or federal law.

### 4. No Available Sanctions Framework Supports the Requested Relief

Even were this Court to treat the Motion as a request for sanctions, relief of this breadth remains unavailable absent a threshold showing of sanctionable misconduct. Fed. R. Civ. P. 11 requires a certification-based violation before sanctions may be imposed on filings - there is no allegation of any Fed. R. Civ. P. 11 violation here.

Rule 37 sanctions require a discovery-based violation - none is identified. The Court's inherent power likewise requires a specific finding of bad faith conduct in the litigation itself, not a collateral administrative status with a state taxing authority. *Chambers*, 501 U.S. at 50. Because no rule violation has been alleged - let alone established - against either Arnold P. Peter individually or PLG as a corporate entity, there exists no basis in law or equity for the Court to enter an order that functionally operates as disbarment, exclusion, or a default sanction against either.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF REGARDING CORPORATE STATUS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the Motion in its entirety.

DATED: April 21, 2026

PETER LAW GROUP

By:  __/S/ Arnold P. Peter_____
Arnold P. Peter
Eyal Farahan
*Attorneys for ARNOLD P. PETER
and ARNOLD P. PETER, APC*

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**13**
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF
REGARDING CORPORATE STATUS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
270 Coral Circle
El Segundo, CA 90245

A true and correct copy of the foregoing document entitled (*specify*): _____
___ DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF  REGARDING
CORPORATE STATUS_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
__4/21/26_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses
stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
  JUDGE: Service on Judge not required per Judge Barash's procedures re: serving Judge's copy of documents

 DEBTOR: National Association of Television Program Executives, Inc., 3940 Laurel Canyon Blvd., Suite 324, Studio City,
 CA 91604

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/21/26 | Andrea Ramirez | /s/ Andrea Ramirez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

Samuel Mushegh Boyamian on behalf of Interested Party Courtesy NEF
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Samuel Mushegh Boyamian on behalf of Other Professional Jeremy W. Faith
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Leslie A Cohen on behalf of Debtor National Association of Television Program Executives, Inc.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Christopher Cramer on behalf of Interested Party Courtesy NEF
secured@becket-lee.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Other Professional Jeremy W. Faith
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

John-Patrick McGinnis Fritz (TR)
jpftrustee@lnbyg.com, jpf@trustesolutions.net

David S Hagen on behalf of Consultant Pery Consulting Group, LLC a California Limited Liability Company
davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net

William E Ireland on behalf of Defendant B.W. Hotel, L.L.C. dba Beverly Wilshire, A Four Seasons Hotel, a Delaware Limited Liability Company
wireland@hbblaw.com, edocs@hbblaw.com

Melissa Davis Lowe on behalf of Defendant Jean Pierre Bommel, an individual
mlowe@shulmanbastian.com, avernon@shulmanbastian.com

Melissa Davis Lowe on behalf of Interested Party Jean Pierre Bommel
mlowe@shulmanbastian.com, avernon@shulmanbastian.com

Melissa Davis Lowe on behalf of Interested Party Melissa Davis Lowe
mlowe@shulmanbastian.com, avernon@shulmanbastian.com

Michael B Lubic on behalf of Creditor Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach
michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

Jonathan Serrano on behalf of Interested Party Courtesy NEF
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Derrick Talerico on behalf of Interested Party Brunico Communications Ltd
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Meghann A Triplett on behalf of Interested Party Courtesy NEF
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

Meghann A Triplett on behalf of Other Professional Jeremy W. Faith
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.